IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RALPH STEWART, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09CV738–HEH |
| | ) |
| VIRGINIA COMMONWEALTH | ) |
| UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Granting Defendants' Motions to Dismiss)

This is an action brought under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act. Plaintiff, a former employee in the Department of Human Resources of the VCU Health System, alleges discrimination and retaliation based upon gender, race, and disabilities. His Complaint, filed *pro se*, focuses on Virginia Commonwealth University, the VCU Health System, the VCU Medical Center, the Medical College of Virginia (MCV Foundation), MCV Physicians, MCV Hospitals Authority, and a host of persons individually named.[1] The Defendants move for dismissal on a number of jurisdictional, substantive, and constitutional grounds under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). All parties have filed memoranda of law

---

[1] Although seemingly implausible, Plaintiff contends in paragraph 3 of the Complaint that he was employed by all entities named as defendants.

supporting their respective positions.[2] The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

In his Complaint, Plaintiff contends that he is a 42 year old black male employed by the Defendants from February 23, 2005 to May 31, 2007, as a Human Resources Practices Supervisor in the Department of Human Resources. He describes himself as a qualified individual with a disability. Plaintiff maintains that he was (1) subjected to unequal terms and conditions of employment because of his race and sex, and (2) subjected to discriminatory working conditions and forced to work in an intolerable and hostile environment because he refused to commit illegal and unethical acts contrary to his former employers' policies and procedures and prohibited by federal and state law. Plaintiff also alleges that his employers failed to reasonably accommodate his disability.[3]

Before examining the substantive sufficiency of the Complaint from a Federal Rule of Civil Procedure 12(b)(6) perspective,[4] the Court must initially determine the

---

[2]Plaintiff's responsive pleading is entitled "Plaintiff's Answer to Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and to Amend Complaint." However, in the textual portion of the pleading, Plaintiff fails to address his motion to amend the complaint or provide any description of his proposed amendments.

[3]The Complaint offers no explanation of the nature of his purported disability, its effect on his life functions, or relationship to any alleged adverse job action. In his responsive pleading, he generally refers to "a pre-planned life alternating surgery." (Pl.'s Resp. to Defs.' Mot. to Dismiss p. 24.)

[4]This Court is mindful that *pro se* plaintiffs' civil rights pleadings must be reviewed with heightened solicitude and less stringent technical pleading requirements. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

extent of its subject matter jurisdiction over the wide array of parties named in the Complaint. The Plaintiff's Charge of Discrimination filed with the Virginia Council on Human Rights, the statutory equivalent of the Equal Employment Opportunities Commission, on January 16, 2008, names only the VCU Health Care System–VCU Medical Center as a discriminating employer. In the factual portion of the charge document, Plaintiff refers only to two of the named defendants, Donna Steigleder and Debbie Slayton.[5] Aside from a generic description of the parties, Plaintiff's Complaint makes no mention of any action undertaken by Steigleder or Slayden.

Unlike a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), which confines a court's analysis to the allegations in the pleadings, a motion challenging subject matter jurisdiction under Rule 12(b)(1) allows consideration of evidence outside the complaint. In resolving motions to dismiss under Rule 12(b)(1), a court may consider affidavits, depositions, or live testimony without converting the motion into one for summary judgment. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).[6] Furthermore, within the context of a Rule 12(b)(1)

---

[5] In Plaintiff's Charge of Discrimination, Ms. Slayton's name is incorrectly spelled. The correct spelling is "Slayden".

[6] A court reviewing a motion to dismiss filed under Rule 12(b)(6) can consider documents outside the pleadings, without converting the motion to one for summary judgment, so long as the documents are integral to and explicitly relied on in the complaint. *Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005); *see also Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). The same rule applies when a defendant challenges a complaint as jurisdictionally deficient on its face. *See Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *overruled on other grounds, Sheridan v. United States*, 487 U.S. 392 (1988).

motion to dismiss, a court may resolve factual questions to determine whether it has subject matter jurisdiction. *Thigpen*, 800 F.2d at 396.

Because subject matter jurisdiction implicates a federal court's constitutional power to act, it may be raised at any time either by the court *sua sponte* or by one of the parties. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099 (1982); *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997), *cert. denied* 524 U.S. 945 (1998) (citing *North Carolina v. Ivory*, 906 F.2d 999, 1000 n.1 (4th Cir. 1990)); *American Fire & Cas. v. Finn*, 341 U.S. 6, 17-18 (1951). The burden of demonstrating subject matter jurisdiction resides with the Plaintiff. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992).

Defendant MCV/MCV Associated Physicians argues that this Court lacks subject matter jurisdiction over that entity because the charge of discrimination filed by the Plaintiff failed to identify it as an employer. Consequently, MCV/MCV Associated Physicians maintains that Plaintiff has failed to exhaust administrative remedies. 42 U.S.C. § 2000e-5(f)(1) provides for the filing of suit against [the respondent named in the charge] within 90 days of receiving a right to sue letter. The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his

administrative remedies by filing a charge with the EEOC." *Id.*[7] Although the charge of discrimination defines the boundaries of the Plaintiff's right to institute a civil suit, "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (citations omitted).

In describing the parties to his Complaint, Plaintiff mentions that "Virginia Commonwealth University (VCU)/VCU/VCU Health System (VCUHS)/VCU Health System Authority/Medical College of Virginia (MCV)/MCV Hospitals Authority are quasi-governmental authorities located in the Eastern District of Virginia." (Compl. ¶ 4.) In paragraph 5, the Plaintiff portrays the Medical College of Virginia Foundation/MCV Foundation as a "non-profit corporation located in the Eastern District of Virginia," and in the following paragraph, he characterizes MCV/Medical College of Virginia Physicians/MCV Physicians as a "for-profit corporation located in the Eastern District of Virginia." (Compl. ¶¶ 5, 6.) Although a defendant need not be named in the administrative complaint when it is functionally identical to a named defendant, that is

---

[7]In the Commonwealth of Virginia, the investigative functions of the EEOC have been delegated under 42 U.S.C. § 2000e-5 to local agencies. The Virginia Council on Human Rights is an agency empowered to conduct such investigations under the Virginia Human Rights Act. § 2.1-715, *et seq.* Va. Code. *See Carter v. Arlington Public School Sys.*, 82 F. Supp. 2d 561, 564 (E.D. Va. 2000).

not the case here. *Alvarado v. Bd. of Trustees*, 848 F.2d 457, 458-59 (4th Cir. 1988). There is no information in the Complaint from which a person could reasonably infer a legal relationship between these entities.[8] The Court must therefore conclude that the scope of the administrative investigation could not reasonably be expected to include MCV Associated Physicians. Accordingly, the Court finds that Plaintiff has failed to exhaust administrative remedies with respect to his claims against that entity. Consequently, the Court lacks standing with respect to that defendant.

Plaintiff's Complaint names eleven individuals as defendants. This includes John Duval, Maria Curran, Donna Steigleder, Marie Greenwood, Deborah Slayden, Sharon Jahn, Duane Jackson, Peter Ring, Antoinette Light, Teri Kuttenkuler, and David Houlette. The charge of discrimination mentions only Donna Steigleder and Deborah Slayden. The factual portion of the Complaint and statement of claims refers to only Curran, Duval, and Light. For the reasons discussed above, the failure of Plaintiff to name Defendants Duval, Curran, Greenwood, Jahn, Jackson, Ring, Light, Kuttenkuler, and Houlette in the original EEOC Complaint deprives this Court of subject matter jurisdiction. There is nothing in the Charge of Discrimination or Complaint for which this Court could reasonably infer that the scope of the agency's investigation encompassed allegations against these individuals. This Court therefore does not have subject matter jurisdiction

---

[8]MCV Associated Physicians denies that the Plaintiff was or ever has been an employee of that organization. Moreover, the Complaint fails to delineate any specific acts of discrimination by MCV/MCV Associated Physicians. In fact, aside from the description of the parties, the entity MCV Associated Physicians is mentioned nowhere in the Complaint.

6

over these defendants.[9] *See Olsen v. Marshall & Ilsley Corp., et al.*, 267 F.3d 597, 604 (7th Cir. 2001); *Zakeri v. Oliver*, 19 F. Supp. 2d 553, 556 (E.D. Va. 1998).

The remaining individual defendants, Donna Steigleder and Deborah Slayden cannot be held liable individually under Title VII for delegable acts such as disciplinary or termination decisions undertaken on their employer's behalf. As mentioned above, the Complaint fails to disclose any discriminatory actions taken by either of these individuals. However, the Charge of Discrimination alleges that "[t]he reason Donna Steigleder, Employee Relations Policy Director, gave me for my suspension was breach of computer confidentiality and failure to follow my supervisor's instructions." (Ex. C to Def.'s Mem. In Supp. of Mot. to Dismiss.) It further states that "[t]he reason Debbie Slayton [sic], Manager, gave me for my discharge was breach of computer confidentiality and failure to follow my supervisor's instructions." (Ex. C to Def.'s Mem. In Supp. of Mot. to Dismiss.) Both of these functions fall squarely within the ambit of delegable acts performed on the employer's behalf.

The United States Court of Appeals for the Fourth Circuit has specifically held that individual officers and supervisors may not be held liable for either violations of Title VII or the Age Discrimination and Employment Act. In *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177 (4th Cir. 1998), the Court noted that "every circuit that has confronted this

---

[9]Having dismissed Defendants Duval, Curran, Greenwood, Jahn, Ring, Jackson, Kuttenkuler, Houlette, and Light for lack of subject matter jurisdiction, the Court need not address Plaintiff's argument that these individual employees cannot be held liable under Title VII.

issue since the enactment of the [Civil Rights Act] has rejected claims of individual liability. These circuits have founded this conclusion on the language of Title VII and the fact that its remedial scheme seems so plainly tied to employer, rather than individual, liability." *Id.* at 181. The same analysis applies to the Age Discrimination and Employment Act, which is Title VII's "closest statutory kin." *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994). Therefore, assuming that the Complaint in this case alleges any actionable claims against Donna Steigleder or Deborah Slayden, individually, those claims are dismissed.

Lastly, Virginia Commonwealth University, and its allied medical facilities, contend that they are shielded from liability by the Eleventh Amendment of the United States Constitution. The Plaintiff concedes in paragraph 4 of his Complaint that the Virginia Commonwealth University, VCU Health System, VCU Health System Authority, and Medical College of Virginia are quasi-governmental authorities located in the Eastern District of Virginia. "[Sovereign] immunity applies to state agencies that may be properly characterized as 'arm[s] of the State,' . . . ." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (quoting *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977)). In determining whether or not VCU and its associated medical facilities are arms of the state, this Court must follow *Regents of the Univ. of Cal. v. Doe*, by "considering the provisions of state law that define the agency's character." 519 U.S. 425, 430 n.5 (1997). Virginia Commonwealth University is established under Section 23-

50.4 *et seq.* of the Virginia Code and "shall at all times be under the control of the General Assembly [of Virginia]." Va. Code § 23-50.4 (2009). The General Assembly specifically empowers VCU to operate a medical center (§ 23-50.16), a school of medicine (§ 23-50.16:01), and the Virginia Commonwealth University Health System Authority (§ 23-50.16:2 and 3). The Court therefore finds that the Virginia Commonwealth University, its health system, medical center, and the Medical College of Virginia Foundation, are agencies of the Commonwealth of Virginia, arms of the State, and consequently entitled to sovereign immunity from suit under both Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act. All claims against these entities are barred by the Eleventh Amendment.

For the foregoing reasons, the Defendants' Motions to Dismiss are granted. Given the Court's finding that it lacks jurisdiction over Plaintiff's claims, it need not reach these challenges under Rule 12(b)(6).[10]

---

[10] Although Fed. R. Civ. P. 15 entitles a plaintiff to amend his complaint within 21 days after being served with a motion under Rule12(b), no amended complaint, however, has been timely filed. Moreover, given the Court's lack of subject matter jurisdiction over the parties and core claims, it is difficult to envision how any conceivable amendment could resuscitate this case.

An appropriate Order will accompany this Memorandum Opinion.

                                                                    /s/
                                                Henry E. Hudson
                                                United States District Court

Date: March 23, 2010
Richmond, VA