IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RALPH STEWART, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09CV738–HEH |
| | ) |
| VIRGINIA COMMONWEALTH | ) |
| UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**
(Denying Defendant MCV Foundation's Motion to Dismiss)

This is an action for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 ("Title VII"). It is presently before the Court on Defendant MCV Foundation's Motion to Dismiss pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, Defendant's Motion will be denied.

I.

On November 20, 2009, Plaintiff filed a motion for leave to proceed *in forma pauperis* in this Court. This Court granted the motion and Plaintiff's *pro se* Complaint was filed on November 23, 2009. Plaintiff's Complaint named "Virginia Commonwealth University, VCU/VCU Health System, VCU Medical Center/Medical College of Virginia

Foundation, MCV/MCV PHYSICIANS; MCV Hospitals Authority," and eleven individuals as defendants.

On December 1, 2009, the Clerk's office issued a summons for each defendant. Mark C. Shuford, Esquire ("Shuford") was listed as the registered agent for all of the defendants. By letter dated December 7, 2009, Shuford notified the Court that he was not authorized to accept service on behalf of any of the defendants. Accordingly, this Court ordered Plaintiff to provide the "proper names and addresses of the parties on whom process should be served." (Order, Dec. 10, 2009, ECF No. 6.) Plaintiff provided the requested information on December 21, 2009. On February 5, 2010, summonses were returned executed as to every defendant except "VCU Medical Center/Medical College of Virginia Foundation."

On February 26, 2010, counsel for Virginia Commonwealth University; Virginia Commonwealth University Health System Authority, improperly sued as "VCU Health System"; and the individual defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. That same day, Jean Reed ("Reed") filed a similar motion to dismiss on behalf of MCV Associated Physicians, improperly sued as "MCV/MCV Physicians." On March 23, 2010, this Court granted both motions and dismissed the action.

Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. In an unpublished opinion entered on March 4, 2011, the Fourth Circuit affirmed-in-part, reversed-in-part, and remanded. The court held that all of Plaintiff's claims were properly dismissed except Plaintiff's Title VII claim against VCU and its affiliated

2

entities.[1] The Fourth Circuit remanded the case to this Court for further proceedings limited to that claim.

On March 18, 2011, Reed filed in this Court a Motion to Dismiss on behalf of MCV Foundation, improperly sued as "VCU Medical Center/Medical College of Virginia Foundation." MCV Foundation asserts that, to date, it has never been served with process, and the action should therefore be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff, who is now represented by counsel, has responded. MCV Foundation's time to reply has expired. The matter is ripe for decision.

## II.

Pursuant to Rule 12(b)(5), an action may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Rule 12(b)(4), on the other hand, permits dismissal for "insufficient process." Fed. R. Civ. P. 12(b)(4). As the Fourth Circuit has explained:

> Rules 12(b)(4) and 12(b)(5) are often confused. Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint.

*Davies v. Jobs & Adverts Online, Gmbh*, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (internal citation omitted). Where, as here, the defendant challenges the manner of service and not the form of the process, "the motion is properly construed as a motion for dismissal under Rule 12(b)(5)." *Id.*

---

[1] The Fourth Circuit held that Plaintiff's Title VII claim was not barred by sovereign immunity.

In this case, MCV Foundation specifically challenges Plaintiff's failure to serve process in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m). The Rule further provides, however, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* If the request is made after expiration of the 120-day period, the moving party must show that the failure to act was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995).

### III.

The parties do not dispute that MCV Foundation has never been properly served in this action. The question for this Court, however, is whether Plaintiff's failure to serve MCV Foundation was the result of excusable neglect such that dismissal is not warranted.

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1993). "It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays." *Id.* at 391–92, 113 S. Ct. at 1496. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498.

In this case, several factors persuade the Court that Plaintiff should receive an extension of time to serve the Complaint pursuant to Rule 6(b). First, the record contains no intimation of bad faith on Plaintiff's part. To the contrary, Plaintiff twice attempted to effect service upon MCV Foundation, and he promptly responded to this Court's Order directing him to provide the names and addresses of the persons to be served with process.

Second, counsel for MCV Foundation had actual notice of this suit for over a year before filing the instant motion to dismiss. Indeed, Reed, who filed the instant motion to dismiss, filed a motion to dismiss on behalf of MCV Associated Physicians—an entity affiliated with MCV Foundation—in February of 2010. She also appeared before the Fourth Circuit on Plaintiff's appeal. Notably, despite the fact that MCV Foundation had never been served, MCF Foundation was named as a defendant-appellee in that appeal. As far as this Court can tell, MCV Foundation never asserted that it was not a proper party to the appeal or otherwise addressed Plaintiff's failure to serve process upon it.

Third, it must be remembered that Plaintiff was proceeding *pro se* both when he attempted to effect service and on appeal. While Plaintiff's *pro se* status does not excuse his failure to comply with Rule 4, *see McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) (explaining that the Court has "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel"), it is nevertheless a relevant factor for this Court to consider. Indeed, at least one federal Court of Appeals has noted that Rule 4 should be construed "leniently" in favor *pro se* plaintiffs. *See Habib v. GMC*, 15 F.3d 72, 74 (6th Cir. 1994).

Finally, there is no indication that MCV Foundation has been or will be prejudiced by Plaintiff's failure to comply with Rule 4. As explained above, MCV Foundation's current counsel has been involved in this case since its inception. No discovery or proceedings have taken place of which counsel for MCV Foundation was unaware.

IV.

For the reasons stated above, MCV Foundation's Motion to Dismiss will be denied, and Plaintiff will be granted an extension of time in which to serve process.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 12, 2016
Richmond, VA