IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RALPH STEWART, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:09CV738–HEH |
| VCU HEALTH SYSTEM AUTHORITY, | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION
(Denying Plaintiff's "Petition Assistance in Seeking Legal Counsel"; Denying Plaintiff's Letter Motion for Miscellaneous Relief; Denying Plaintiff's Motion for an Enlargement of Time)

This is an action for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 ("Title VII"). It is presently before the Court on three motions by Plaintiff seeking the appointment of counsel and an enlargement of time in which to conduct discovery. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, all three motions will be denied.

### I.

On August 16, 2011, Plaintiff, proceeding *pro se*, filed a "Motion for an Enlargement of Time and Petition Assistance in Seeking Legal Counsel."[1] Plaintiff

---

[1] Because Plaintiff seeks two distinct forms of relief in his Motion—(1) an extension of time for discovery, and (2) "assistance . . . in seeking legal assistance pursuant to Fed. R. Civ. P. 83.1(G) (Pl.'s

asserts that this Court erroneously permitted his former attorney, Verbena Askew ("Askew"), to withdraw from representation in this matter. Specifically, he asserts that he "never consented to the withdrawal of Ms. Askew at any time," and that "the Court's decision to prematurely allow Ms. Askew to withdraw" has left him at an "unfair advantage which can significant [sic] influence the outcome of this matter and prejudice the Plaintiff . . . ." (Pl.'s Mot. Enlargement ¶¶ 3–4.)

Plaintiff fails to consider, however, the unavoidable impact of the letter he sent to this Court on August 1, 2011. (*See* Letter from Ralph Stewart, Plaintiff, to the Honorable Henry E. Hudson, U.S. District Judge (Aug. 1, 2011), ECF No. 65.) In that letter, Plaintiff accused Askew and her law firm of "fraudulent activities and professional misconduct"; falsifying information; tampering with evidence; making false statements to defense counsel during a deposition; forcing him "under duress and manipulation to sign" documents; permitting opposing counsel to use "intimidating and threatening tactics," including deposing Plaintiff for 14 hours without medication, food, or air conditioning; and committing "serious violations of unethical practices" with respect to settlement negotiations. (*Id.* at 1–3.) He unequivocally asserted that "[t]heir dishonesty and actions have jeopardized the integrity of the case" (*id.* at 2), and requested that this Court conduct "a full investigation into this matter" (*id.* at 4).[2]

---

Mot. Enlargement 1)—the Clerk docketed the filing as two separate Motions. (*See* Pl.'s Mot. Enlargement, ECF Nos. 83, 84.)

[2] Because Plaintiff's 47-page letter to this Court included numerous e-mail exchanges between himself, his wife, Askew, and others from Askew's firm, this Court ordered that Plaintiff's letter be filed under seal. Given the nature of Plaintiff's allegations, however, this Court was ethically bound to forward the letter to the Virginia State Bar's Office of Bar Counsel, which this Court did on August 2, 2011.

2

Ironically, Plaintiff now complains that this Court erred by granting Askew's motion to withdraw and that he will be prejudiced by proceeding without her. Plaintiff's complaint is without merit. Rule 1.7 of the Virginia Rules of Professional Conduct provides that "a lawyer shall not represent a client if . . . there is significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer." Va. Rule Prof'l Conduct 1.7(a)(2). Comment 8 to the Rule provides that:

> [l]oyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. . . . The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.

(*Id.* at cmt. 8.) It is inexplicable how Plaintiff's accusations of fraud and other illegal and unethical conduct would not create an irresolvable conflict of interest requiring Askew to withdraw. Accordingly, to the extent that Plaintiff asks this Court to reconsider its Order granting Askew's Motion to Withdraw, Plaintiff's request will be denied.

## II.

Having found that Askew's withdrawal was wholly appropriate under the circumstances, the question is whether this Court should "assist Plaintiff in finding legal counsel"—a request which this Court reads as a motion for appointment of counsel.

42 U.S.C. § 2000e-5(f)(1) provides that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." 42 U.S.C. § 2000e-5(f)(1). However, "there is no

3

automatic right to the appointment of counsel in a Title VII case." *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). To the contrary, "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). When deciding a Title VII plaintiff's motion for appointment of counsel, the court may consider the merits of the claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial ability to obtain counsel. *Caston*, 556 F.2d at 1309. The plaintiff bears the burden of persuasion on these issues. *Id.* at 1310.

Plaintiff's request for counsel will be denied for several reasons. First, there is no indication that Plaintiff is unable to afford counsel. Second, Plaintiff has not set forth any facts showing that his case is "exceptional" or otherwise merits the appointment of counsel. To the contrary, Plaintiff's claim appears to be a relatively straightforward Title VII claim which, while multi-faceted, is not a novel or complex case. Third, Plaintiff has twice retained counsel during the pendency of this action. Both times, he has caused counsel to withdraw from his case.[3] Finally, Plaintiff appears to be fully capable of proceeding *pro se* in this action. Without the assistance of counsel, Plaintiff in April 2010 noted a partially successful appeal to the U.S. Court of Appeals for the Fourth Circuit. Since the Fourth Circuit's limited remand to this Court, Plaintiff has filed five motions to quash, various memoranda in opposition to motions by Defendant, and five motions for issuance of subpoenas duces tecum. In each of his filings, Plaintiff has cited

---

[3] Plaintiff terminated his first attorney on June 2, 2011 after less than two months of representation. He then retained Askew, who he accused of fraud and other professional misconduct within a month and a half.

the relevant Local Rules and/or the Federal Rules of Civil Procedure. (*See, e.g.*, Pl.'s Mot. Quash 1, ECF No. 72.) The record contains no indication that Plaintiff will be prejudiced by proceeding in this matter without counsel, nor does it appear that Plaintiff is unable to retain counsel. For these reasons, Plaintiff's "Petition Assistance in Seeking Legal Counsel" will be denied.

Plaintiff's Letter Motion for Miscellaneous Relief appears to seek the same relief. (*See* Pl.'s Letter Mot. 2, ECF No. 75 ("I would ask the Court to provide me with the legal support needed to assist to maintain the case . . . .").) For the reasons stated above, that motion will likewise be denied.

### III.

Finally, Plaintiff asks this Court for an extension of time in which to conduct discovery. Pursuant to this Court's Scheduling Order entered on March 8, 2011, "[a]ll fact discovery, including all supplementation, shall be concluded no later than fifty-five (55) calendar days before trial." (Scheduling Order Attach. 1, at III.C.) Because Plaintiff's case is currently set for trial by jury on November 3, 2011, the discovery cut-off date is September 9, 2011.

The present record reflects that interrogatories have already been served;[4] Defendant has produced over 2,500 pages in response to Plaintiff's requests for production of documents (Def.'s Mem. L. Opp'n Pl.'s Notices Request Issuance of Subpoena Duces Tecum 2, ECF No. 78); Plaintiff has filed motions for the issuance of

---

[4] Notably, the record reflects that Plaintiff has not responded to Defendant's discovery requests. Defendant's Motion to Compel Answers to First Set of Interrogatories and Responses to First Request for Production of Documents has been referred to a magistrate judge and is not at issue in this memorandum opinion.

subpoenas duces tecum seeking documents from over forty individuals (*see, e.g.*, ECF Nos. 74, 77, 82, 98); and the discovery cut-off date is two weeks away. Plaintiff has not articulated any legitimate reason why the discovery cut-off should be extended in this case. Accordingly, Plaintiff's Motion for Enlargement of Time will be denied.

### IV.

For the reasons stated above, Plaintiff's "Motion for an Enlargement Time and Petition Assistance in Seeking Legal Counsel" and his Letter Motion for Miscellaneous Relief will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 25 2011
Richmond, VA