**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **RALPH STEWART, JR.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | CIVIL NO. 3:09cv738-HEH |
| ) | |
| **VCU HEALTH SYSTEM AUTHORITY** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court for resolution of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) on the Defendant's Petition for Attorney's Fees (ECF No. 129). The Plaintiff has not responded to the Petition for Attorney's Fees, and the time to submit a response has now expired. The Court dispenses with oral argument because it would not materially aid in the decisional process. For the reasons set forth herein, the Court will GRANT the Defendant's Petition for Attorney's Fees (ECF No. 129) and AWARD it four-thousand forty-four and 50/100 dollars ($4,044.50) in attorney's fees.

### I. BACKGROUND

On August 9, 2011, Ralph Stewart, Jr. ("Stewart" or the "Plaintiff"), proceeding *pro se*, filed a Motion to Quash Amended Deposition Subpoena (ECF No. 68). The Defendant in this case, VCU Health Systems ("VCU" or the "Defendant"), had sought to continue Stewart's previously terminated deposition based upon an agreement reached with him and his former counsel. In denying the motion, the Court found Stewart's allegations baseless because he had misrepresented the conditions under which he was deposed. Specifically, the Court found that

Stewart misrepresented his level of comfort, the duration of the deposition, his access to food and reasonable breaks, as well as the demeanor of VCU's counsel. Moreover, the Court noted that Stewart had twice agreed to continue the deposition at a later date and for an additional length of time. The fact that he misrepresented the conditions of his prior deposition, coupled with the fact that he was aware that he had agreed to continue the deposition, led the Court to grant attorney's fees to the Defendant pursuant to Fed. R. Civ. P. 37(a)(5).

In its Order, the Court directed VCU to submit a petition in support of the requested fees so that the Court could assess whether it is reasonable. VCU has now filed its petition, including the declaration of counsel in this case, Sara Rafal ("Rafal"), an invoice from the law firm of Williams Mullen, P.C., and the declaration of one Sean Gibbons (the "Gibbons Declaration"), an employment law attorney who is familiar with the local legal market. According to the Rafal Declaration and the attached invoice, she spent a total of 9.1 hours preparing VCU's brief in opposition to the subject motion to quash at a rate of three-hundred sixty dollars per hour ($360.00/hour), for a total fee of three-thousand two-hundred seventy-six and 00/100 dollars ($3,276.00). She was assisted by one Ashley Winsky ("Winsky"), a second-year attorney, who spent 2.9 hours researching the issues raised by Stewart's motion at a rate of two-hundred sixty-five dollars per hour ($265/hour) for a total fee of seven-hundred sixty-eight and 50/100 dollars ($768.50). Added together, the subject fees totaled four-thousand forty-four and 50/100 dollars ($4,044.50). According to the Gibbons Declaration, the hours of time expended and fee rates are reasonable for the Richmond, Virginia legal market in cases of this type.

Stewart has not challenged the evidence submitted in support of the fee request, and there appears to be no other evidence in the record to cast doubt on the veracity or reasonableness of the hours expended and rates charged.

## II. STANDARD OF REVIEW

A trial court's award of attorneys' fees is reviewed for an abuse of discretion. <u>EEOC v. Cent. Wholesalers, Inc.</u>, 573 F.3d 167, 178 (4th Cir. 2009) (citing <u>Johnson v. City of Aiken</u>, 278 F.3d 333, 336 (4th Cir. 2002)). Such a review is "sharply circumscribed" because federal appellate courts recognize that the trial court "has close and intimate knowledge of the efforts expended and the value of the services rendered," so the award will not be overturned unless "clearly wrong." <u>Plyler v. Evatt</u>, 902 F.2d 273, 277-78 (4th Cir. 1990). The lodestar method, the product of the hours reasonably expended times a reasonable rate, generates a presumptively reasonable fee. <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 564 (1986); <u>Robinson v. Equifax Info. Servs., LLC</u>, 560 F.3d 235, 243 (4th Cir. 2009) ("In calculating an award of attorney's fees, a court must first determine a lodestar figure"). While it is well within the discretion of the district court to determine the amount of the fee, and to adjust the lodestar product upward or downward as it deems appropriate, "this must be done on a principled basis, clearly explained by the court." <u>Lyle v. Food Lion, Inc.</u>, 954 F.2d 984, 989 (4th Cir. 1992).

## III. DISCUSSION

As the first step of the analysis, the Court must determine whether the hours expended by counsel are reasonable and, if so, determine whether the hourly rates charged to the client are reasonable. If both figures are deemed reasonable, then the Court need only multiply the hours by the rates in order to determine the lodestar. <u>See, e.g.</u>, <u>Cent. Wholesalers, Inc.</u>, 573 F.3d at 178. VCU has submitted competent evidence on both fronts. Because Stewart has not responded with evidence of his own, or otherwise challenged the reasonableness of the rates, the Court has little reason to doubt that the proposed lodestar is reasonable. Indeed, in the Court's

3

own experience, the rates charged by VCU's counsel are commensurate with those in the local legal market. Thus, the Court concludes that Rafal's rate of three-hundred sixty dollars per hour ($360/hour) and Winsky's rate of two-hundred sixty-five dollars per hour ($265/hour) are reasonable.

The Court must next determine whether the hours spent are reasonable. Although the legal issues raised by the motion were unremarkable, it did require some level of research in order to competently respond to the subject motion. This is especially true where, as here, one party has accused the other of bad faith and "abusive and inhumane questioning methods." (Pl.'s Mot. Quash Am. Dep. Subpoena, ECF No. 68.) Both the Gibbons Declaration and this Court's own familiarity with the issues raised by Stewart support the conclusion that it was reasonable for Winsky to spend 2.9 hours of research in this matter.

Moreover, the factual assertions raised by Stewart, which this Court determined to be unfounded, required Rafal to scour a lengthy deposition transcript in order to direct the Court to the testimony germane to Stewart's allegations. Thus, the Court accepts the conclusion of the Gibbons Declaration that 9.1 hours was a reasonable amount of time for Rafal to prepare a response to the subject motion. Accordingly, the proposed lodestar of four-thousand forty-four and 50/100 dollars ($4,044.50) is accepted and deemed presumptively reasonable. See Delaware Valley Citizens' Council for Clean Air, 478 U.S. at 564.[1]

---

[1] As it is directed to do by the Fourth Circuit, the appellate jurisdiction which governs this Court, the Court has also considered the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and

Having calculated the lodestar, the Court must now determine whether there is any reason to deviate therefrom. Neither party proposes any such deviation. Guided by the rule that there is "[a] strong presumption that the lodestar figure . . . represents a 'reasonable' fee," the Court concludes that the lodestar represents the most appropriate fee award under the present circumstances. Delaware Valley Citizens' Council for Clean Air, 478 U.S. at 565.

### IV. CONCLUSION

For the reasons stated herein, the Defendant's Petition for Attorney's Fees (ECF No. 129) is GRANTED, and the Defendant shall be AWARDED four-thousand forty-four and 50/100 dollars ($4,044.50) in attorney's fees expended in responding to the Plaintiff's Motion to Quash Amended Deposition Subpoena.

                                                                           /s/
                                                                    Dennis W. Dohnal
                                                                    United States Magistrate Judge

Richmond, Virginia
Dated: October 4, 2011

---

        ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson, 560 F.3d at 243-44 (citations omitted). Here, none of these factors counsels a lodestar different from that proposed by VCU.

5