IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

RALPH STEWART, JR.,          )
                                      )
          Plaintiff,         )
                                      )
v.                               )     Civil Action No. 3:09CV738–HEH
                                      )
VCU HEALTH SYSTEM      )
AUTHORITY,              )
                                      )
          Defendant.      )

## MEMORANDUM OPINION

This matter is presently before the Court on the Report and Recommendation of U.S. Magistrate Judge Dennis W. Dohnal (the "R&R"), as well as Plaintiff's objections thereto. The Magistrate Judge recommends that Defendant's Motion for Dismissal and Attorney's Fees be granted and that Plaintiff's claims be dismissed as a sanction for violating Court orders. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.[1] For the reasons set forth herein, Plaintiff's objections will be overruled; the R&R will be adopted; and this action will be dismissed with prejudice.

## I. BACKGROUND

The facts and procedural posture of this case are thoroughly detailed in the R&R, so the Court will present only a brief recitation here. Since filing this employment discrimination action more than two years ago, Plaintiff Ralph Stewart, Jr. ("Plaintiff" or "Stewart") has consistently failed to heed this Court's orders and refused to comply with his

---

[1] Plaintiff's "request for hearing" (ECF. No. 162) will be denied.

discovery obligations. Such misconduct has prompted Defendant Virginia Commonwealth University Health System Authority ("Defendant" or "VCUHS") to file several motions to compel, as well as the present request for sanctions.

Stewart's abuse of the discovery process came to a head in August 2011. On August 23, upon finding that Stewart had failed to comply with certain discovery requests, the Court issued a Memorandum Order granting Defendant's Motion to Compel Discovery and overruling Plaintiff's numerous objections. (The "August 23 Order," ECF No. 103.) As a result, Stewart was directed to provide a complete and verified answer to Defendant's Interrogatory No. 4, which sought information concerning Stewart's employment history. (*Id.* at 9-10.) The Court further ordered Stewart to furnish any materials responsive to VCUHS's Document Request Nos. 6, 11, 13, and 18, which sought, *inter alia*, tape recordings of Stewart's conversations with VCUHS employees regarding this case, federal and state income tax returns from 2007 to present, and documents pertaining to Stewart's involvement in other legal actions. (*Id.* at 10-11.)

The August 23 Order also required Plaintiff to attend a continuation of his prior deposition, which Stewart had unilaterally terminated, on either September 1 or 2, 2011. (*Id.* at 2-4.) In denying his Motion to Quash the Deposition (ECF No. 68), the Court specifically found that Stewart had misrepresented his agreement to continue his initial deposition and mischaracterized the circumstances and duration of that deposition. (August 23 Order at 3.) Accordingly, the Court also awarded Defendant attorney's fees for the costs incurred in opposing the Motion to Quash and compelling the continued deposition.

Stewart failed to comply with the Order. In fact, at his wife's deposition on August 31, Stewart indicated on the record that he was refusing to appear for his continued deposition, exclaiming: "No, I'm not coming for depositions. You want to put that on the record? I'm not going – I'm not coming for deposition on – on whatever date it is." (S. Stewart Dep. 5:10-21, ECF No. 117-3.) Stewart also sent an e-mail to opposing counsel expressly stating that he would "not be attending the deposition on the 2nd of September." (Jacob Decl. Ex. B-3, ECF No. 117-2.)

Despite this Court's explicit warning that a violation of Court orders might warrant dismissal of his case, Stewart did not appear for his scheduled deposition.[2] Moreover, he remained steadfast in his refusal to produce information responsive to Defendant's discovery requests, in direct contravention of the Court's instructions. Accordingly, on September 2, 2011, after Stewart's absence from his deposition, VCUHS filed the Motion now at issue, seeking dismissal of this action as a sanction for Stewart's numerous acts of defiance and the prejudice caused thereby.

On September 7, 2011, in order to give Plaintiff a final opportunity to rectify his non-compliance, the Court issued, *sua sponte*, an Order (the "Show Cause Order," ECF No. 123) directing Stewart to appear before the Court to show cause why he should not be found in contempt for violating the Court's discovery orders. The Order expressly advised Stewart "that should he fail to comply with this Court's Order, the U.S. District Court may DISMISS his case pursuant to Rules 16(f)(1)(C), 37(b), 37(d)." (*Id.* at 1.) At the Show

---

[2] In fact, this Court directly queried Stewart whether he complied with the order of "[t]he U.S. Magistrate Judge ... to appear for a deposition on either September 1st or 2nd." Stewart answered, "No." (Show Cause Hr'g Tr. 10, ECF No. 171.)

Cause Hearing, this Court reprimanded Stewart for his flagrant and ongoing

"gamesmanship" and reiterated the likely consequences of further non-compliance with the

mandates set forth in the August 23 Order. (Show Cause Hr'g Tr. 9, ECF No. 171.)

Addressing Stewart from the bench, this Court made its expectations clear:

> Mr. Stewart, I don't think you have fully complied with discovery; however, you are *pro se*, and the rule in the Fourth Circuit is fairly clear that the remedy of dismissal is only to be awarded in the most egregious of cases. I think that there have been violations here. I don't think you are participating in good faith in this case, but here's what we're going to do. You're going to sit for the deposition sometime between now and 5:00 next Friday. You're going to supply every one of the items that Judge Dohnal's [August 23] Order required by 5:00 on Friday, or I will enter a dismissal order at that time.

(*Id.* at 33.)

Although Stewart appeared at his continued deposition on September 23, he

otherwise exhibited little effort to comply with the Court's instructions.[3]  Indeed, even a

brief review of video footage from the deposition reveals that Stewart assumed an

uncooperative stance during questioning, providing evasive or argumentative responses

even to straightforward queries.[4]  Far more disconcerting, though, is the fact that Stewart

refused—even with substantial sanctions looming—to abide by the Court's directive that he

disclose any materials or information responsive to Defendant's discovery requests.

First, Stewart failed to produce his income tax returns as filed with the Internal

Revenue Service (IRS).  In its August 23 Order, this Court specifically addressed and

rejected the argument that Stewart's *jointly*-filed tax returns would contain confidential and

---

[3] Defendant maintains that "[s]ince the filing of VCUHS' initial Motion and this Court's [show cause] hearing on September 16, 2011[,] [Plaintiff] has made virtually no effort to comply with the Court's Orders." (Def.'s Supp. Mem. 1.)  That contention appears well founded.

[4] Stewart often answered even simple questions either by responding "I don't know" or by simply repeating the question and offering some vague reply.

irrelevant information—namely, his wife's income. Finding such evidence covered by an agreed protective order, the Court instructed Stewart to produce the documents, whether filed individually or jointly with his spouse. (August 23 Order at 10.) Yet despite this Court's clear orders, Stewart tendered at his continued deposition merely a series of unsigned, *individual* IRS Form 1040s, each bearing the notation: "Taxpayers file a joint return. This return is prepared only to show Ralph Stewart's income."[5] (Def.'s Suppl. Ex. 5, filed under seal.) To date, Stewart continues to withhold his actual returns.

Stewart also appears to have only partially satisfied his duty to produce audio recordings of conversations with former co-workers. He concedes that although he eventually produced a smartphone purportedly containing such digital recordings, he failed to provide a battery or any power source for the phone, and could not describe the exact contents of the recordings. Such minimal production does not constitute full compliance with the Court's order that he produce any "notes and tape recordings related to [his] discussions with anyone regarding the allegations in this lawsuit." (August 23 Order at 10.)

Magistrate Judge Hannah M. Lauck, in resolving a dispute during Stewart's continued deposition, described the Court's August 23 Order as "very clearly written" and noted that it was then "a month old." In her view, Stewart had been plainly "ordered to provide the information" sought in Interrogatory No. 4 and Document Request Nos. 6, 11, 13, and 18, which he "failed to do." (Stewart Dep. II 1023:9-1024:10.) That Order is now

---

[5] The Court interprets this annotation to indicate that that Stewart prepared these forms solely for the purpose of this litigation, as a substitute for the joint tax returns filed with the IRS during 2007 through 2010.

nearly six months old, and Stewart still has not improved his compliance in any meaningful regard.

## II. THE REPORT & RECOMMENDATION

As Magistrate Judge Dohnal recognized in his R&R, the Federal Rules of Civil Procedure authorize district courts to impose sanctions, including "dismissing the action or proceeding in whole or in part," when a party violates a discovery order, fails to attend his own deposition, or fails to serve answers to interrogatories. Fed. R. Civ. P. 37(b)(2)(A)(v); *id.* 37(d)(1)(A)(i)-(ii). Further, "[i]f the plaintiff fails ... to comply with [the] rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* 41(b). Such dismissal, whether on motion or *sua sponte*, is within the sound discretion of the district court. *Anderson v. Found. for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998).

Here, the Magistrate Judge applied the framework prescribed by the Fourth Circuit for dismissal under Rules 37 and 41, considering (1) the extent of Stewart's bad faith and personal responsibility, (2) the prejudice suffered by VCUHS as a result of Stewart's non-compliance, (3) the deterrence value of dismissal as a sanction, (4) Stewart's history of deliberate dilatoriness, and (5) the availability and efficacy of a less drastic sanction. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505-06 (4th Cir. 1977), and articulating the Rule 37 framework); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), and explaining the Rule 41 analysis). Though cognizant that "dismissal is not a sanction to be invoked lightly," *Ballard*, 882 F.2d at 95 (citations omitted), Judge Dohnal submits that Stewart's history of

defiance and bad faith in this case justifies severe sanctions, and that any course other than dismissal "would ... place[] the credibility of the court in doubt and invite[] abuse." *Id.* at 96. Accordingly, the R&R recommends that Defendant's Motion be granted, and that this Court sanction Stewart by dismissing his claims. The R&R also recommends that Stewart be required to pay any "reasonable expenses, including attorney's fees," incurred by VCUHS as a direct result of his non-compliance with the rules and orders of the Court. Fed. R. Civ. P. 37(b)(2)(C).

The final paragraph of the R&R explains that "[f]ailure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge ... within fourteen (14) days after being served with a copy of the report may result in waiver of any right to a *de novo* review of the determinations contained" therein. (ECF No. 158, at 19.) Since the R&R was issued on November 22, 2011, Plaintiff's objections, if any, were due on December 6, 2011. *See* 28 U.S.C. § 636(b)(1). On December 2, however, Plaintiff contacted Judge Dohnal's chambers, asking that a copy of the R&R by sent to him via e-mail. The Court accommodated the request, and in light of Stewart's representation that he was not "served with a copy" of the R&R until December 2, granted a ten-day extension, until December 16, for him to file any objections. (ECF No. 164.)

Yet on December 12, Plaintiff once again indicated a need for additional time. By motion (ECF No. 167), Stewart requested that he be afforded an opportunity to obtain and review a transcription of the Show Cause Hearing held before this Court on September 16,

2011.[6] Finding good cause to do so, the Court granted Plaintiff's motion and ordered that he submit objections to the R&R within fourteen days after receiving a copy of the transcript.[7] The Court also instructed Stewart "to give immediate notice to this Court upon" such receipt. (ECF No. 170, at 2.) Stewart finally acknowledged by e-mail on January 5, 2012 that he had received the transcript,[8] and filed the immediate objections on January 23. (Pl.'s Objs., ECF No. 174.) Although they were due on January 19, the Court is mindful of Plaintiff's *pro se* status and will therefore review his objections as though they were timely filed. Plaintiff's Second Amended Objections, however, filed on February 9, 2012, will be overruled as time barred.[9]

### III. STANDARD OF REVIEW

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). The Court reviews *de novo* any part of the

---

[6] Plaintiff's Partial Objections to Magistrate's Report and Recommendation "Orders", filed on December 16, 2011 (ECF No. 169) merely explains Stewart's need for a transcription of the Show Cause Hearing; it does not contain any substantive objections to the R&R and thus need not be addressed in the analysis at hand.

[7] The Court's Order of December 19, 2011 plainly stated: "Plaintiff is hereby ORDERED to submit his objections to the Report and Recommendation, if any, no later than fourteen (14) days after he receives from the Court Reporter, including by electronic mail, a transcript of the September 16 Show Cause Hearing." (ECF No. 170.)

[8] Contrary to Plaintiff's claim, the Court Reporter represents that she e-mailed Stewart a transcript of the Show Cause Hearing on December 29, 2011. Stewart being *pro se*, however, the Court will accept the later date of January 5, 2012 as the date from which his deadline for filing objections should be calculated.

[9] Stewart submitted an additional thirty-one pages of objections to the R&R on February 9, 2012 (ECF No. 176)—well beyond the already-generous filing deadline of January 19, 2012. Untimely objections are not entitled to *de novo* review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). Throughout the pendency of this litigation, Plaintiff has repeatedly invoked the rules of this Court and has evidenced a clear awareness of the Court's procedures. Stewart was well aware of his deadline. He cannot invoke the rules when advantageous, and disregard them when inconvenient. The Court will overrule Plaintiff's second set of objections as untimely filed.

Magistrate Judge's report and recommendation to which a party has properly objected, and may accept, reject, or modify, in whole or part, the recommended disposition. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Likewise, "frivolous" objections need not be considered. *Wilson v. Att'y Gen. of Md.*, 991 F.2d 793, 793 (4th Cir. 1993) (citations omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "In the absence of 'specific written objection,' the district court [is] free to adopt the magistrate judge's recommendation … without conducting a de novo review." *Diamond*, 416 F.3d at 316.

## IV. ANALYSIS

Although Stewart's objections are often meandering and at times difficult to decipher, this Court appreciates the deference due to *pro se* litigants, and thus will construe Plaintiff's contentions in the manner most favorable to him. *See Cox v. City of Charleston, S.C.*, 416 F.3d 281, 288 (4th Cir. 2005) (citation omitted). Plaintiff's varied complaints coalesce into two broad claims: that the R&R misrepresents the precise nature of his actions; and that his behavior was reasonable, even if contrary to Court orders. As explained in the analysis which follows, these "objections" fail to lessen the seriousness of Stewart's defiance throughout the course of this litigation, and, consequently, neither claim

undermines the proposed conclusion of the Magistrate Judge that dismissal is warranted by the facts at hand.

As an initial matter, Stewart raises a host of inconsequential—if not irrelevant—objections, alleging certain factual inaccuracies in the R&R.  For example, Stewart disputes the *extent* to which he "misrepresented the duration" and "mischaracterized the conditions" of his first deposition, even though he concedes that he "may have miscalculated the duration of the deposition."[10]  (Pl.'s Objs. at 2-3.)  Correspondingly, he claims that the air conditioning unit was malfunctioning for "half" of the deposition (*id.* at 3)—not merely for an hour, as suggested by VCUHS.  Such trivial details are of little significance to the analysis of this Court.  Regardless of the particular surrounding circumstances, the undisputed facts remain that Stewart unilaterally terminated his initial deposition, agreed to resume it at a later date, and then subsequently refused to do so—in contravention of the Court's orders.  Because the R&R's alleged inexactitudes do not undermine the soundness of its proposed disposition, no further consideration of this strain of objections is necessary.

Stewart also persists, even now, in proffering excuses and proposing scapegoats for his misdeeds.  Notably, Stewart does not tether his flurry of "objections" to any particular finding or proposed conclusion in the R&R.  Instead, he simply alleges unfair treatment by opposing counsel and the Court.  For example, he claims that counsel for VCUHS engaged

---

[10] To the extent Plaintiff objects to the Court's consideration of his testimony on the grounds that the deposition was excessive in duration, the objection is overruled.  Though depositions are generally "limited to 1 day of 7 hours," additional time is permissible if "stipulated or ordered by the court."  Fed. R. Civ. P. 30(d)(1).  Further, the Court *must* "allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent ... impedes or delays the examination."  *Id.*  In a previous Order, this Court found the circumstances of Stewart's initial deposition to justify its extended duration of approximately nine hours.  (August 23 Order at 2-3.)  This Court declines to revisit the content or reasoning of its prior orders.

in "misconduct and deception" during discovery, and that they *caused* him to become

combative during depositions by asking "numerous questions that were ambiguous,

indefinite, hearsay, argumentative, threatening, inadmissible, and irrelevant to his case."

(*Id.* at 1, 4.) In the same vein, he contends that his failure to provide his employment history

should be excused, notwithstanding the Order of this Court to the contrary, because

Defendant's request for such information was intended solely to "harass" him. (*Id.* at 4.)

Relatedly, Plaintiff asserts that the review of "only" 189 minutes of footage from

Stewart's first 534-minute deposition caused Judge Dohnal to "overlook[]" defense

counsel's "attempts to intimidate the Plaintiff[] and cause delay." (*Id.*) This Court ardently

disagrees. The Magistrate Judge reviewed not only over three hours of footage from

Stewart's initial deposition, but also the entire videograph of his second deposition. These

thorough viewings unquestionably provided ample evidence of the manner of counsel's

questioning, as well as—unfortunately for Stewart—the truculent posture that Stewart

maintained throughout the depositions. Further, this Court's own assessment of the record,

including a substantial portion of the footage and transcripts, reveals no impropriety by

counsel for VCUHS. Like the Magistrate Judge, however, this Court is deeply troubled by

Stewart's confrontational posture during questioning.

This Court also wishes to address Stewart's concern that the R&R cites excerpts from

transcripts which Stewart himself claims not to possess. (*Id.* at 6-7.) As Plaintiff correctly

points out, where "a *party* offers in evidence only part of a deposition, an adverse party may

require the offeror to introduce other parts that in fairness should be considered with the part

introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6)

(emphasis added). But where, as here, the *Court* itself has incorporated portions of deposition and hearing transcripts into its analysis, the Rules do not entitle Stewart to the relief he seeks. The question of whether Defendant, in its briefing below, improperly proffered segments of depositions is not before this Court.[11]

As to his refusal to produce his actual income tax returns, Stewart (inconceivably) maintains that the Court never "explicitly instructed" him "to produce *joint tax returns*." (*Id.* at 9.) To the contrary, the Court's Order of August 23 stated unequivocally:

> The Defendant's Document Request No. 11 seeks the Plaintiff's federal and state income tax returns for 2007 through the present. *Although the Plaintiff has objected on the basis that the documents also contain his wife's tax information, since they filed jointly, such is not a proper basis to object to production of all the documents.* Indeed, the Plaintiff's tax records are relevant to his earned income after termination and, therefore, they are relevant to the issue of the mitigation of damages which impacts on the issue concerning any possible back-pay award. Accordingly, the Plaintiff's objection to Document Request No. 11 is OVERRULED, and the *Plaintiff is ORDERED to produce those documents*.

(ECF No. 103, at 10-11 (emphasis added).) And yet again, at the Show Cause Hearing before this Court, Stewart was specifically instructed to provide his "tax returns, state and federal, from 2007 to present." (Hr'g Tr. 6-7.) Plaintiff was thus clearly ordered by this Court to produce his *genuine* income tax returns, and not merely a manufactured return form prepared specifically for litigation. Stewart's continued insistence to the contrary is both baffling and disturbing.

---

[11] In any event, Stewart has not demanded that VCUHS introduce other portions of the deposition records relied upon, nor has he made any effort himself to obtain and offer other parts of those depositions. Further, the Court's independent review of the *complete* videograph from Stewart's first deposition, as well as substantial portions of both the recording and transcripts from other depositions cited by Defendant, negates any danger that the excerpts might be misconstrued. As the present motion does not concern the merits of Plaintiff's claims, but merely the extent of his misconduct, the Court is fully satisfied that its review of the record has adequately and accurately captured the nature of Stewart's behavior during this litigation.

Plaintiff similarly attempts to downplay his failure to furnish certain audio recordings by explaining that he "had no intentions of using" the recordings at trial (Pl.'s Objs. at 8)— an objection which the Court already rejected in compelling the production of such evidence. (*See* August 23 Order at 10.) Stewart appears to be disputing not whether he defied discovery orders, but whether he should have been required to follow those orders in the first instance. By continuing to protest this Court's directives and failing to appreciate the seriousness of his contemptuous conduct, Stewart exemplifies the very sort of insubordination that lead to this juncture. Moreover, while Stewart eventually did make some effort to comply with Document Request No. 6 by producing a smartphone allegedly containing pertinent recordings, that attempt was "last ditch and only offered when it became crystal clear that [he was] going to lose the case unless [he] did *something.*" *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (emphasis added). "In the context here, the things done did not add up to an adequate 'something.'" *Id.*

Although Stewart's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard*, 882 F.2d at 96 ("Pro se litigants ... as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible."). It is well settled that "[f]ulfilling obligations under the rules requires much more than simply going through the motions. It requires, among other things, a true effort to fully answer interrogatories, to produce relevant documents in a timely manner, and to properly conduct oneself during depositions." *Smith v. U.S. Sprint*, No. 92-2153, 1994 WL 62338, at *4 (4th Cir. Feb. 28, 1994) (per curiam). It is equally well established that a

litigant's "flagrant bad faith" and "callous disregard" of these responsibilities may warrant "the extreme sanction of dismissal." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Of critical importance, at no point in his eleven pages of objections does Plaintiff specifically object to the Magistrate Judge's proposed findings that he (1) failed to provide a complete and verified record of his employment history (Interrogatory No. 4), as ordered by the Court; (2) failed to furnish income tax returns as filed with the IRS in 2007, 2008, 2009, and 2010 (Doc. Request No. 11), as repeatedly instructed by the Court; and (3) failed to attend his own continued deposition on September 2, 2011, as directed by Court order. Moreover, there is sufficient evidence in the record for the Court to find that Plaintiff knowingly withheld evidence responsive to Document Request No. 6. In light of these uncontested facts, and even setting aside the peripheral portions of the R&R on which Stewart's objections focus, this Court agrees with the Magistrate Judge's recommended disposition.

Stewart is, by far, one of the most prolific litigants—*pro se* or otherwise—that this Court has ever witnessed.[12] Yet, despite his active and, at times, seemingly restless approach to this litigation, Stewart has proven incapable of following instructions and observing simple rules. This Court has cautioned Stewart on at least three occasions that his non-compliance with discovery orders could result in sanctions, including dismissal of his

---

[12] Plaintiff has filed no less than twenty-nine (29) motions in this case.

case.[13] Moreover, the Court has granted Stewart every possible benefit of the doubt, and given him numerous opportunities to take corrective action. Despite these warnings, however, Stewart has failed to act in good faith, and has demonstrated contempt for both opposing counsel and the Court. He has been, and is now, the author of his own fate.

In view of Plaintiff's deficient discovery responses, recalcitrance during depositions, and conscious disregard of the rules and orders of the Court, this Court finds that Stewart has acted in bad faith. The Court further finds that Plaintiff's non-compliance substantially prejudiced the Defendant by delaying this case, impairing the progress of VCUHS's defense, and requiring a significant dedication of time and resources to resolve needless discovery disputes. In addition, because Stewart's "stalling and ignoring the direct orders of the [C]ourt with impunity ... must obviously be deterred," the Court finds dismissal to be necessary to send "an unmistakable message to [Stewart] and others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93-94. Finally, given Plaintiff's continued defiance even after being forced to pay more than $4,044.50 in attorney's fees for his misconduct (ECF. No. 139), this Court agrees with the Magistrate Judge that any sanction less drastic than dismissal would be inadequate.

## V. CONCLUSION

Upon careful consideration of the factors set forth in *Wilson v. Volkswagen of America, Inc.*, 561 F.2d at 505-06, and *Chandler Leasing Corp.*, 669 F.2d at 920, it is this

---

[13] Stewart recognizes as much in the objections at hand. (*See* Pl.'s Amended Objections, at 4-5 ("Judge Hudson ... order[ed] Stewart to sit [for a] continued deposition and supply all materials so ordered ... *or Judge will enter a dismissal order at that time*.") (emphasis added).)

Court's judgment that the sanction of dismissal is warranted in this case.  Further, because Plaintiff has not objected to the Magistrate Judge's recommendation that he be required to reimburse VCUHS for any fees and expenses incurred as a direct result of his non-compliance, the Court adopts that recommendation.  *Cf. Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1993).

This Court will adopt the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections thereto will be overruled.  Accordingly, this action will be dismissed with prejudice, and Plaintiff shall be required "to pay the reasonable expenses, including attorney's fees, caused by" his failure to comply with the rules and orders of this Court. Fed. R. Civ. P. 37(b)(2)(C).  All other motions pending in this matter will be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
United States District Judge

Date: Feb. 10, 2012
Richmond, VA

16